# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NUMBER |
| Plaintiff, | ) | |
| | ) | 2:23-cr-311-LSC-GMB |
| v. | ) | |
| | ) | |
| JOHN WESTLEY ROGERS, JR. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ROGERS OBJECTION TO PRESENTENCE INVESTIGATIVE REPORT (PSR)

COMES NOW, the defendant in the above styled proceeding, JOHN WESLEY ROGERS, JR., by and through his undersigned counsel, and hereby submits the following objections to the PSR:

1.  Defendant objects paragraph 69 of the PSR which calls for a two (2) level adjustment for obstruction of justice under U.S.S.G. § 3C1.1. The PSR bases this adjustment on the information in paragraphs 53 through 59. The obstruction involving Individual # 1 is count twenty-six (26) of both the first and second superseding indictments. Defendant pled guilty to this Count.

2.  The basis for the obstruction adjustment also involves co-defendant Kindall accepting full responsibility for the fraud in exchange for the defendant's promise to take care of her children while she is in prison. Defendant does have any memory of making this promise. However, the defendant does acknowledge that said information is contained in the factual basis of his plea agreement and that he signed the factual basis and admitted in open court that the factual basis was substantially correct.

3. Defendant further does not have knowledge of the time frame when this promise would have been made. He had no contact with the co-defendant after November 2, 2023, when his bond was revoked, and he was placed in the Cullman County Jail. The alleged promise to co-defendant Kindall, however, is contained for the first time in the second superseding indictment that was filed on February 2, 2024.

4. Defendant submits that this alleged promise does not rise to the level of "a significant further obstruction" during the investigation or prosecution of count twenty-six (26) – the obstruction crime to which the defendant pled guilty. It is contained in paragraph 49 of the second superseding indictment and is part of the "manner and means of the conspiracy" alleged in count twenty-six (26). However, the substance of the conspiracy in count twenty-six (26) did not change from the first superseding indictment to the second. It is the same crime charged.

5. Defendant relies on application note 7 of U.S.S.G. § 3C1.1 in support of his objection.

6. Without the two (2) level adjustment for obstruction of justice, the defendant's guideline sentencing range would be 15 – 21 months, based of an offense level 14 and criminal history category I.

RESPECTFULLY SUBMITTED,

/s/ John C. Robbins
John C. Robbins, ASB-5635-i70j
Attorney for Defendant

**OF COUNSEL:**

ROBBINS LAW FIRM

2031 2nd Avenue North

Birmingham, Alabama 35203

(205) 320-5270

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing via electronic filing this the 13th day of June, 2024.

                                           /s/ John C. Robbins

                                           Of Counsel