# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:23 cr-00311-LSC-GMB |
| ) | |
| JOHN WESTLEY ROGERS, JR., ) | |
| Defendant. ) | |

**DEFENDANT ROGERS' MOTION TO ENFORCE THE PLEA AGREEMENT**

COMES NOW, the defendant in the above-styled proceeding, **JOHN WESTLEY ROGERS, JR.**, by and through his undersigned counsel, and hereby moves this Honorable Court for an order enforcing the Plea Agreement with the government. As grounds therefore, the defendant says the following:

1. The government agreed to recommend a sentence of fourteen (14) months of home confinement. However, in the government's sentencing memorandum, the government is now requesting a sentence of fourteen (14) months of imprisonment. The government is alleging that the defendant breached the plea agreement.

2. The government alleges that the defendant's breach is based on an objection to paragraph 69 of the presentence report that was filed by defense counsel. Paragraph 69 calls for a two (2) level increase in the offense level for obstruction of justice.

3. The obstruction of justice adjustment in paragraph 69 is based, at least in part, on the defendant telling his co-defendant that he would take care of her kids if she took responsibility for the fraud. That statement is contained in count twenty-six (26) of the superseding indictment, defendant pled guilty to said count. That statement is also contained in the factual basis of the plea agreement to which the defendant admitted was substantially correct.

4.      The basis for the objection is that it appears that the defendant is being double counted for the same conduct. He pled guilty to obstruction of justice in count twenty-six (26) which contains the statement, and he is receiving an adjustment for obstruction of justice based on the same statement.

5.      Defendant has not denied making the statement. He has not attempted to withdraw his guilty plea. He has not said that he wasn't guilty of obstructing justice. He has not done anything that would rise to the level of a material breach of the plea agreement. Since being released on bond for the second time, he has remained "off the radar," living quietly at home with his puppy. He has a caregiver that comes to his home every day to assist him with his daily needs and medical care.

6.      The objection to the presentence report was prepared and filed by defense counsel. Defendant did not direct his counsel to file the specific objection. Defendant was provided a copy of the presentence report but did not provide his counsel with any suggested objections. Further, defense counsel did not inform the defendant that he was filing this objection. Therefore, the defendant was not even aware that the objection was filed. Defense counsel believed that the objection was a legal argument and not a factual dispute. Said counsel was attempting to argue that the statement was not a significant further obstruction that warranted the adjustment.

7.      If defense counsel was in error to file the objection, that error should not be held against the defendant. Defendant should not be punished for any errors or mistakes made by his counsel, especially when he neither directed, participated in, nor was aware of the objection.

8.      Defendant submits that he did not breach the plea agreement. However, it is clear that the government has now materially breached the plea agreement by recommending a sentence of imprisonment of fourteen (14) months in its sentencing memorandum.

Respectfully submitted on this, the 19th day of July, 2024.

 /s/ *John C. Robbins*
John C. Robbins, ASB-5635-i70j
Attorney for the Defendant
2031 2nd Avenue North
Birmingham, AL 35203
(205) 320-5270
(205) 835-6818
jcrobbins59@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this motion upon the Office of the United States Attorney by hand delivery and through the electronic filing system of the Clerk of the District on the date and time affixed hereon.

                                                /s/ *John C. Robbins*
                                                John C. Robbins