IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case nos. 2:23-cr-311-LSC-GMB |
| ) | 2:23-cr-184-LSC-JHE |
| VARRIE JOHNSON KINDALL ) | |

### OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

Varrie Johnson Kindall, through counsel, submits the following objection to the Presentence Investigation Report (PSR):

1. **Paragraph 96: Specific Offense Characteristics.** Ms. Johnson objects to the application of the two-point enhancement under U.S.S.G. § 2B1.1(b)(9)(A). Section 2B1.1(b)(9)(A) provides: "If the offense involved (A) a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency . . . increase by two levels." The guidelines commentary further provides that the enhancement in § 2B1.1(b)(9)(A) "applies in any case in which the defendant represented that the defendant was acting to obtain a benefit on behalf of a charitable, educational, religious, or political organization, or a government agency (regardless of whether the defendant actually was associated with the organization or government agency) when, in fact, the defendant intended to divert all or part of that benefit." U.S.S.G. § 2B1.1, comment. (n.8(B)).

    Ms. Johnson objects to the application of the enhancement under § 2B1.1(b)(9)(A) because that enhancement has not been applied against either of her co-conspirators, John Westley Rogers, Jr. and Fred Plump, Jr. All three participants in the kickback scheme involving Piper Davis made representations that the funds involved were for the benefit of Piper Davis, when, in fact, a portion of the funds were diverted. Despite the

1

enhancement's apparent applicability to all three participants, Ms. Johnson has learned that the Probation Office only applied the enhancement against her and did not apply the § 2B1.1(b)(9)(A) enhancement against either Mr. Rogers or Mr. Plump. To avoid unwarranted disparities between similarly situated codefendants, Ms. Johnson respectfully submits that her PSR should be revised to remove the enhancement from her guidelines calculations. 18 U.S.C. § 3553(a)(6).

2. **Paragraph 100: Adjusted Offense Level.** Based on the above objection, Ms. Johnson submits that the adjusted offense level should be 21.

3. **Paragraph 104: Total Offense Level.** Based on the above objection, Ms. Johnson submits that the total offense level should be 18.

4. **Paragraph 150: Guidelines Range.** Based on the above objection, Ms. Johnson submits that the guidelines range should be 27 to 33 months.

                                              Respectfully submitted,

                                              KEVIN L. BUTLER
                                              Federal Public Defender
                                              Northern District of Alabama

                                              **/s/ Courtney Murtha**
                                              COURTNEY MURTHA
                                              Assistant Federal Public Defender
                                              505 20th Street North, Suite 1425
                                              Birmingham, Alabama 35203
                                              (205) 208-7170
                                              courtney_murtha@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

                                              Respectfully submitted.

                                              **/s/ Courtney Murtha**
                                              COURTNEY MURTHA
                                              Assistant Federal Public Defender