## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case nos. 2:23-cr-184-LSC-JHE |
| ) | 2:23-cr-311-LSC-GMB |
| VARRIE JOHNSON KINDALL ) | |

## SENTENCING MEMORANDUM

Varrie Johnson Kindall, through undersigned counsel, submits this sentencing memorandum for the Court's consideration. For the reasons outlined below and elsewhere, Ms. Johnson respectfully requests that this Court impose a total sentence of 24 months and 1 day.

### BACKGROUND

Ms. Johnson, who turned 59 earlier this year, is a lifelong resident of Birmingham, Alabama. She was raised alongside 10 siblings by her father, Marshal, a coal miner, and her mother, Annie, a stay-at-home mom. Before his death from kidney failure when Ms. Johnson was 16 years old, her father was a strict disciplinarian who would punish Ms. Johnson and her siblings by beating them with a belt. Ms. Johnson also experienced verbal and mental abuse from her parents, and other abuse from an older brother during her childhood. Though she maintained a strong and close relationship with her mother until her death in 2017 from a brain aneurism, Ms. Johnson does not have a relationship with any of her siblings.

Ms. Johnson became a mother when she was still in high school, giving birth to her oldest daughter when she was just 16 years old. In 1983, shortly after turning 18 and graduating from Jackson Olin High School in Birmingham, Ms. Johnson married her first husband, James Floyd. The couple remained married for nearly 20 years and had five children together. In 2002, Ms. Johnson and Mr. Floyd divorced, and she remarried to William Kindall. A few years into their marriage, Ms. Johnson and Mr. Kindall adopted two sons together. The boys are brothers and the children of one of Ms.

1

Johnson's relatives. Their older son, Christian, who is now 19, was diagnosed with autism at an early age, and his biological parents were unable and unwilling to care for him. When his brother, J.K., was born in 2007, Ms. Johnson adopted both children and has raised them as her own ever since. Christian's autism diagnosis is severe—he is nonverbal, unable to care for himself, and receives disability benefits as a result of his condition. J.K. is currently a rising high-school junior who is active in sports and helps to look after his older brother.

In 2014, Ms. Johnson and Mr. Kindall separated, and she has been the primary caregiver for their sons since that time. Around 2016, Ms. Johnson met her codefendant, Representative John W. Rogers, Jr. She began assisting him with his legislative work and the two eventually developed a romantic relationship. After Representative Rogers' wife passed away in 2019, he moved in with Ms. Johnson and her children, and the pair lived together until October 2023. During that time, Ms. Johnson continued to work for Representative Rogers and depend on him for financial support. Her relationship with, affection for, and dependence on Representative Rogers ultimately led to Ms. Johnson's participation in the offenses to which she pled guilty in case number 2:23-cr-311.

## ARGUMENT

A total sentence of 24 months and 1 day is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case. 18 U.S.C. § 3553(a). Ms. Johnson is subject to a mandatory 24-month term of imprisonment in case number 2:23-cr-184 because of the aggravated identity theft charge in Count 5. Ms. Johnson was up front and honest about her actions in that case when she was first approached by investigators, admitting that she had received benefits to which she was not entitled. When she was indicted for that conduct, Ms. Johnson timely entered a guilty plea and agreed to pay restitution, accepting full responsibility for her wrongdoing. The mandatory 24-month sentence is more than sufficient to provide just punishment, promote respect for the law, and afford adequate deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B).

With respect to case number 2:23-cr-311, Ms. Johnson submits that a consecutive sentence of one day, for a total term of 24 months and 1 day, is reasonable when considering Ms. Johnson's role in the kickback scheme relative to her co-conspirators, the sentences recommended by the government for those co-conspirators, and Ms. Johnson's personal history and characteristics. Representative Rogers was the architect of the kickback scheme.  It was Representative Rogers who called Mr. Plump "out of the blue" to offer him money from the Jefferson County Community Service Fund ("Fund").  It was Representative Rogers who told Mr. Plump that he would have to make kickback payments to get that funding and informed Ms. Johnson that she would be the one to receive those payments.  And it was Representative Rogers' position as a state legislator that made the entire scheme possible.  For years, Representative Rogers held himself out to be an upstanding member of the state legislature and forceful advocate for his constituents, all the while unlawfully pocketing money meant to better the community he was elected to serve.

Mr. Plump, too, held himself out to be a force for good in the community—the executive director of a charitable organization serving underprivileged, inner-city youth.  Yet he readily acceded to Representative Rogers' demand for kickbacks, diverting funds from his own organization, and attempted to use Ms. Johnson to help cover up his misdeeds when the scheme began to come to light. And Mr. Plump, too, misled voters by running for a seat in the legislature, promising to serve the community, while facilitating another sitting legislator's corruption.

To be sure, Ms. Johnson's role as the go-between and paper pusher for Representative Rogers and Mr. Plump and clearinghouse for the ill-gotten funds was important in facilitating the kickback scheme.  And Ms. Johnson accepts full responsibility for the part she played in assisting her co-conspirators, as well as her own misuse of Fund money to support herself and Representative Rogers. But it was their positions within the community that made the scheme possible.  And it was her relationship with, dependence on, and affection for Representative Rogers that primarily motivated

3

Ms. Johnson's participation in the scheme. Indeed, Ms. Johnson cared so deeply for Representative Rogers that when the scheme first came to light, she agreed to take the blame for him on the understanding that he would take care of her home and her children if she were incarcerated. Representative Rogers used Ms. Johnson to facilitate his crimes and then manipulated her into attempting to help him cover up those misdeeds.

The Government has recommended below-guidelines[1] sentences of 14 months and 12 months for Representative Rogers[2] and Mr. Plump, respectively. (Case No. 2:23-cr-311, Doc. 71; Case No. 2:23-cr-170, Doc. 17). Setting aside the mandatory 24-month term to which Ms. Johnson is subject in case number 2:23-cr-184, the government likewise recommends a sentence of 12 months for Ms. Johnson, placing her on essentially equal footing with Representative Rogers and Mr. Plump. (Case No. 2:23-cr-311, Doc. 72). Should the Court follow the government's recommendation and impose a 14-month custodial sentence for Representative Rogers, he will be eligible to receive good-time credit towards that sentence, meaning that in actuality, he would serve just under 12 months. *See* 18 U.S.C. § 3624(b)(1) ("[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court . . . ."). In essence, then, the government recommends the same sentence for all three co-conspirators in the kickback scheme, failing to account for the co-conspirators' relative roles. If 12 months is sufficient to account for Representative Rogers' role as

---

[1] Representative Rogers and Mr. Plump both face a guidelines range of 21 to 27 months. (Case No. 2:23-cr-311, Doc. 71; Case No. 2:23-cr-170, Doc. 17). Ms. Johnson's guidelines range, as calculated in the PSR, is 33 to 41 months. Part of the discrepancy between her guidelines range and that of her co-conspirators comes from their receipt of the zero-point offense reduction under U.S.S.G. § 4C1.1. Ms. Johnson was ineligible for that reduction because she has a single criminal history point, stemming from a 2015 conviction for writing a bad check, for which she received a probationary sentence. Had she been eligible for that reduction, Ms. Johnson's range would be 27 to 33 months.

[2] Notably, prior to the present dispute concerning Representative Rogers' alleged breach of his plea agreement, the government had agreed to recommend a noncustodial sentence of 14 months' home confinement for Representative Rogers. (Case No. 2:23-cr-311, Doc. 62).

4

the instigator of the scheme, Representative Rogers' and Mr. Plump's serious breaches of the public's trust, and their efforts to use Ms. Johnson to cover up their misconduct, it stands to reason that the same sentence is greater than necessary to account for Ms. Johnson's less egregious conduct.

Ms. Johnson sincerely and deeply regrets her conduct in both of these cases. As she prepares to receive a custodial sentence in these cases, her greatest concern has been for the impact that her incarceration will have on her two youngest sons. She worries about how Christian will cope with a change in caregiver and living circumstances and laments the milestones she will likely miss in J.K.'s life. She is particularly concerned about the possibility that she may miss J.K.'s high school graduation in the Spring of 2016. Ms. Johnson stands ready to accept the consequences of her actions, whatever they may be. She hopes only that, in considering the totality of the circumstances of these two cases, this Court will find reason to show some measure of mercy.

## Conclusion

For all of the foregoing reasons, and others that may be discussed at sentencing, Ms. Johnson submits that a total sentence of 24 months and 1 day is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case. Such a sentence would adequately account for the nature, circumstances, and seriousness of Ms. Johnson's offense conduct, her relative role in the kickback scheme and the factors that motivated her participation in it, and her personal history and circumstances, while also addressing the need for the sentence to provide just punishment, promote respect for the law, and afford adequate deterrence. 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Accordingly, Ms. Johnson respectfully requests that this Court impose a total sentence of 24 months and 1 day.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

**/s/ Courtney Murtha**
COURTNEY MURTHA

Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
courtney_murtha@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

Respectfully submitted.

**/s/ Courtney Murtha**
COURTNEY MURTHA
Assistant Federal Public Defender