# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Case No.: 2:23-cr-0011-LSC-GMB** |
| ) | |
| **VARRIE JOHNSON KINDALL,** ) | |
|     **Defendant.** ) | |

## MOTION FOR ORDER OF FORFEITURE

Comes now the United States of America, and moves this Court for entry of an Order of Forfeiture in the above-styled case. As grounds therefore, the Government states as follows:

1. In the Notice of Forfeiture included in the Second Superseding Indictment in this case, the United States sought forfeiture of any property of Defendant VARRIE JOHNSON KINDALL, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, constituting or derived from proceeds traceable to the mail and wire fraud offenses charged in Count One in violation of 18 U.S.C. § 1349, and, pursuant to 18 U.S.C. § 982(a)(1), any and all property, real and personal, involved in the wire fraud offense charged in Count Seventeen in violation of 18 U.S.C. § 1343, or any property traceable to such property. The Notice of Forfeiture also informed Defendant of the Government's intention to seek forfeiture of substitute assets in the event the directly forfeitable property was unavailable. [Doc. 52.]

1

2. On February 26, 2024, Defendant VARRIE JOHNSON KINDALL entered a formal plea of guilty to Counts One, Seventeen, and Twenty. [Minute Entry 02/26/24.] In the plea agreement, Defendant agreed that the Court could enter an order of forfeiture against her in the amount of **$197,950.45**. [Doc. 55 at 17.]

3. The Court's authority to order forfeiture of property for wire fraud and bank fraud offenses is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. The term "specified unlawful activity" includes a violation of section 18 U.S.C. § 1349.

4. Although 18 U.S.C. § 981(a)(1)(C) is a civil-forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly, using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

5. Also, the Court's authority to order forfeiture for money laundering conspiracy offenses is found in 18 U.S.C. § 982(a)(1), which provides for the criminal forfeiture of "any property, real or personal, involved in [a violation of 18 U.S.C. § 1343], or any property traceable to such property."

6. Based upon the guilty plea entered by Defendant VARRIE JOHNSON KINDALL and Defendant's consent to the entry of an order of forfeiture in the

amount of **$197,950.45**, the Attorney General is now entitled to possession of **$197,950.45,** pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7.     The United States has not, as of this date, identified specific property of Defendant that could feasibly be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).  In the event the United States identifies property of the Defendant in the future that could be forfeited as a substitute asset in full or partial satisfaction of the money judgment, the United States will promptly petition the Court for such forfeiture pursuant to 21 U.S.C. § 853(p).

Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture against Defendant in the amount of **$197,950.45**. A proposed final order is submitted herewith for the Court's review.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Respectfully submitted this 25th day of July 2024.

> PRIM F. ESCALONA
> United States Attorney
>
> *s/Kristen S. Osborne*
> Kristen S. Osborne
> Assistant United States Attorney
> 1801 Fourth Avenue North
> Birmingham, AL 35203
> (205) 244-2001
> Kristen.Osborne@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 25th day of July 2024, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*s/Kristen S. Osborne*
Kristen S. Osborne
Assistant United States Attorney